154 N.J. Super. 112 (1977)
380 A.2d 1197
STATE OF NEW JERSEY, PLAINTIFF,
v.
HARLEY V. PHILLIPS, DEFENDANT.
STATE OF NEW JERSEY, PLAINTIFF,
v.
DAVID SEAY, DEFENDANT.
STATE OF NEW JERSEY, PLAINTIFF,
v.
MATTHEW S. SMITH, DEFENDANT.
STATE OF NEW JERSEY, PLAINTIFF,
v.
CLARENCE WELDEN, JR., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided November 1, 1977.
*114 Mr. Charles E. Viel for defendants Phillips, Smith and Weldon (Harry R. Adler, attorney).
Mr. David C. Harper for defendant Seay.
Mr. Kevin P. McCann, Assistant County Prosecutor for plaintiff (Mr. William P. Doherty, Prosecutor of Cumberland County, attorney).
PORRECA, J.C.C. Temporarily Assigned.
These are four appeals from four separate sentences imposed by the municipal courts of Downe Township and Upper Deerfield Township after the courts found defendants guilty of violating N.J.S.A. 39:4-50. Each of the four defendants contends that the trial judge erred in holding him to be a subsequent offender under the statute (N.J.S.A. 39:4-50) as amended by L. 1977, c. 29, effective May 25, 1977, by reason of his conviction under the statute prior to this amendment. The issue before this court on appeal is whether a defendant convicted for driving a motor vehicle while impaired by the consumption of alcohol (N.J.S.A. 39:4-50(b) of the statute prior to the 1977 amendment) should be deemed to be convicted of a prior violation of the current statute and thus sentenced as a subsequent offender. This court holds that the subsequent offender provision was properly invoked.
*115 Defendants now before this court are Phillips, Seay, Smith and Welden. A statement of the essential facts respecting each is in order.
Phillips: On March 22, 1977 defendant Phillips was convicted of a violation of N.J.S.A. 39:4-50(b) under the statute as it existed prior to the 1977 amendments  driving a motor vehicle while his ability was impaired by the consumption of alcohol. The date of the offense was December 4, 1976. In accordance with N.J.S.A. 39:4-50.7 defendant requested to be sentenced under the provisions of the current statute. On June 7, 1977 he was sentenced under the current statute as a second offender because he had been convicted in 1967 of driving a motor vehicle while his ability was impaired by the consumption of alcohol, in violation of N.J.S.A. 39:4-50(b).
Seay: On April 9, 1977 defendant Seay was arrested and charged with violating N.J.S.A. 39:4-50(b), operating a motor vehicle while his ability was impaired by the consumption of alcohol. On June 7, 1977 he pleaded guilty and requested to be sentenced under the current statute. He was sentenced as a second offender by reason of a prior conviction in May 1977 when he was found to have violated N.J.S.A. 39:4-50(b) under the prior statute.
Smith: On June 15, 1977 the defendant Smith was found guilty of driving a motor vehicle while under the influence, N.J.S.A. 39:4-50(a). The date of the offense was April 8, 1977. Defendant requested to be sentenced in accordance with the penalties of the current statute. He was sentenced as a third offender because he had two prior convictions under the drinking-driving law as it existed before the 1977 amendments. One conviction was for driving a motor vehicle while under the influence of intoxicating liquor, N.J.S.A. 39:4-50(a), and the other was for driving a motor vehicle while his ability was impaired, N.J.S.A. 39:4-50(b).
Welden: Defendant Welden was arrested on February 5, 1977 and charged with driving a motor vehicle while under the influence of alcohol, in violation of N.J.S.A. 39:4-50(a). *116 On March 16, 1977, he was convicted as charged; however, the imposition of a sentence was deferred until after May 25, 1977, the effective date of the current statute. Defendant was sentenced as a third offender because he had been convicted on two prior occasions of driving a motor vehicle while his ability was impaired, N.J.S.A. 39:4-50(b).
This issue arises because N.J.S.A. 39:4-50, as it existed before the 1977 amendments, provided for two types of offenses respecting the operation of a motor vehicle after a defendant had consumed alcohol. Subsection (a) of that statute concerned the more serious offense of driving while under the influence of intoxicating liquor, while subsection (b) was directed at the lesser offense of driving while ability was impaired by the consumption of alcohol. This statute as amended in May 1977 eliminates the (a) and (b) distinctions and provides for a single drinking-driving offense.
Defendants contend that the Legislature could not have intended a subsection (b) violation to be considered by the courts as a prior conviction when sentencing under the current statute, and to hold otherwise would be a violation of both the New Jersey and Federal Constitutions which prohibit the passage of ex post facto laws. Defendants argue that when the Legislature passed the current statute it abolished the two drinking-driving offenses which distinguished between an (a) violation, "under the influence," and a (b) violation, "impaired," and retained only the (a) violation. Defendants seek support for this contention in the fact that the Legislature retained language substantially similar to that of the prior subsection (a) violation, to wit, "under the influence."
An equal argument can be advanced supporting the abolition of the (a) offense and the retention of the (b) offense on the ground that the BAC% (blood alcohol content) standard and presumptions in the current statute (N.J.S.A. 39:4-50.1) are those amounts applicable to the (b) offense of the prior statute (N.J.S.A. 39:4-50.6).
Both of these arguments must fail. If the Legislature intended to retain one of the prior offenses and abolish the *117 other, it could have clearly expressed such an intent. It did not. For the reasons stated herein, it is clear that the Legislature intended to abolish both the (a) and (b) offenses and establish a single drinking-driving offense.
In the alternative, defendants argue that when the Legislature abolished the two drinking-driving offenses of the prior statute and established a single drinking-driving offense, the repeated use of the phrase, "under the influence," together with the fact that the current statute remains silent as to what drinking-driving convictions are to be considered as prior convictions under the present law, demonstrate a legislative intent to consider only prior (a), "under the influence," convictions as well as any convictions under the current statute.
Defendants further argue that the current statute is an attempt to reduce alcohol-related traffic fatalities by reducing the penalties thereunder and providing rehabilitative and educational programs.
Our Appellate Division, in reviewing the effect of the 1966 amendments to this statute, recognized that the policy considerations of the N.J.S.A. 39:4-50, whether in the form as it existed prior to the 1966 amendments or as it existed thereafter, were concerned with the same kind of unlawful conduct and directed against the same evil  the operation of a motor vehicle by one who is in such a condition that it may affect the safety of others as well as that of the operator. State v. Sturn, 119 N.J. Super. 80 (App. Div. 1972). These policy considerations have remained essentially the same up to the present and are reflected in the 1977 amendments.
In passing the 1977 version of N.J.S.A. 39:4-50 the Legislature recognized that punishment alone was not effective in deterring motor vehicle drivers from drinking and driving. In spite of mandatory jail terms, license revocation and fines, recidivism and auto accidents are on the rise. To this end N.J.S.A. 39:4-50(b) requires an offender to satisfactorily complete an alcohol educational and rehabilitative *118 program as a prerequisite to the restoration of driving privileges. In addition, the current statute has been altered to allow the court discretion in imposing a term of imprisonment and the manner in which it is to be served.
However, the intent of the current statute is not, as argued by defendants, to reduce the importance of punishment for violators of our drinking-driving laws. Rather, it provides for the treatment and rehabilitation of the offender in addition to the punitive aspects which have always been a part of this law. See N.J.S.A. 39:4-50(b) of the current statute which provides:
In addition to any other requirements provided by law, a person convicted under this section must satisfy the requirements of a program of alcohol education or rehabilitation. * * * [Emphasis supplied]
The statute continues to provide for the imposition of jail terms, license revocations and fines, and contains provisions for the imposition of additional penalties for subsequent offenders. Before the recent amendments the act provided for two grades of punishment: one for the first offender and a second for the subsequent offender. The current statute provides for the imposition of penalties on three different tiers, first offender, second offender and third or subsequent offender. The penalty for a third or subsequent offender carries with it a fine of $1,000, a license revocation for a period of five years and possible imprisonment for up to 180 days, a period of incarceration longer than that provided by the prior law.
The progressive penalties placed upon subsequent offenders, the provision for longer jail terms and the new three sentencing tiers evidence a lack of a legislative intent to de-emphasize the punitive aspects of the act. They do, however, express a continued concern to establish a deterrent and preventative sanction to be employed against those whose continued disregard for the safety or the welfare of other members of the public is manifested by a second or *119 third conviction of the same nature. State v. Sturn, supra., 119 N.J. Super. at 82.
The elements of the offense as it existed under the original statute are the same as those present in the amended law. The degrees or standards of proof, including the stated legal presumptions respecting the amount of alcohol in a defendant's bloodstream and its correlation to the presumption that defendant is under the influence of intoxicating liquor, are not greater than those required under the impaired section of the prior statute.
Where the elements of an offense under an amended statute are the same as those that existed prior to the amendments; where both statutes continue to address the same unlawful conduct, and where the legislative policies and intentions remain substantially unchanged, such as is the case here, it would be incongruous to hold that the Legislature intended to preclude the invocation of the subsequent offender provisions where the defendant was convicted of an offense under the original statute and is later convicted under the amended law. This is especially true where the amendments do not result in a change in the elements or nature of the offense but merely reflect a modification in manner and method of sentencing.
This court finds no valid reason to accept defendants' contentions that they should not be penalized as subsequent offenders under the current statute.
It is further argued that to use a prior (b) conviction to invoke the subsequent offender penalties provided by the current statute is a violation of the ex post facto provisions of the Federal and State Constitutions. This argument is without merit.
Subsequent offender provisions, such as the one in effect here, do not undertake to punish again for the prior offenses. The prior offense merely provides a background to be considered in sentencing for a subsequent offense. The gravity of the punishment is increased by the persistence *120 of a defendant in the unlawful conduct  conduct which brings him into a class established by law as deserving and requiring a more severe punishment and restraint than he would otherwise receive. State v. Rowe, 116 N.J.L. 48 (Sup. Ct. 1935), aff'd 122 N.J.L. 466 (E. & A. 1939), In re Zee, 13 N.J. Super. 312 (Cty. Ct. 1951), aff'd. 16 N.J. Super. 171 (App. Div. 1951), cert. den. 343 U.S. 931, 72 S.Ct. 766, 96 L.Ed. 1340 (1952); State v. Sturn, supra.
The ground upon which these statutory provisions is bottomed is that punishment is imposed for the second offense only, and that in determining the amount and nature of the penalty to be inflicted the Legislature may require the court to take into consideration the recidivous nature of the defendant's conduct. Our courts have long recognized the ability of the State to deal with and reach subsequent offenders of our drinking-driving laws. See State v. Rowe, supra., In re Zee and State v. Sturn, supra. The current statute is no more violative of the constitutional safeguards than the drinking-driving laws discussed in the cases cited.
Finally, it must be noted that in State v. Nugent, 152 N.J. Super. 557 (Mun. Ct. 1977), the court expressly held the defendant to be a subsequent offender under N.J.S.A. 39:4-50, as amended by L. 1977, c. 29, by reason of his prior conviction under the superseded statute.
Therefore, a person convicted under the current statute is a subsequent offender if he has heretofore been convicted under either section (a) or (b), of the prior statute.