156 N.J. Super. 167 (1978)
383 A.2d 729
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE CULBERTSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1978.
Decided February 1, 1978.
*168 Before Judges LYNCH, BISCHOFF and KOLE.
Messrs. Aaron, Rubin & Rossi, attorneys for appellant (Mr. Steven C. Rubin on the brief).
Mr. Clinton E. Cronin, Acting Monmouth County Prosecutor, attorney for respondent (Mr. Charles A. Russell, III, Assistant County Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by BISCHOFF, J.A.D.
The sole issue presented by this appeal is whether a defendant, convicted of operating a motor vehicle while under the influence of intoxicating liquor, who is sentenced pursuant to the recent amendments of N.J.S.A. 39:4-50 (L. 1977, c. 29, § 1), effective in May 1977, can be sentenced as a second or subsequent offender based on a prior conviction for impaired operation under N.J.S.A. 39:4-50(b).
This issue arises because the 1966 amendment to N.J.S.A. 39:4-50 (L. 1966, c. 141, § 1) distinguished between operating "a motor vehicle while under the influence of intoxicating liquor" (N.J.S.A. 39:4-50(a)) and operating a motor vehicle while the ability to do so "is impaired by the consumption of alcohol" (N.J.S.A. 39:4-50(b)).
*169 The 1977 amendment deleted all reference to the separate offense of impaired operation and treats all violations of the statute as "operating a motor vehicle while under the influence of intoxicating liquor * * *." [N.J.S.A. 39:4-50, as amended, L. 1977, c. 29, § 1.]
Defendant was arrested on March 18, 1977 and charged with "driving while drunk," in violation of N.J.S.A. 39:4-50. He entered a plea of guilty on May 26, 1977 and consented to be sentenced under the statute in effect at that time. L. 1977, c. 29, § 7.
Defendant had been convicted in 1973 of operating a motor vehicle while his ability to do so was impaired, contrary to N.J.S.A. 39:4-50(b), and he was accordingly sentenced in municipal court as a second offender. He appealed to the County Court, where he was again sentenced for a second violation of the statute.[1]
Defendant again appeals, contending that a conviction of operating while his ability to do so was impaired under the statute as it existed prior to the 1977 amendment (N.J.S.A. 39:4-50(b)) is not such a conviction as makes the "second or subsequent offender" provision operative under the statute as it now exists.
*170 Defendant argues that his prior conviction was not for a violation "of this section" but of a statute which has since been repealed, and relies on the case of State v. Davis, 95 N.J. Super. 19 (Cty. Ct. 1967).
This argument is without merit. In State v. Davis defendant was convicted of drunken driving and was sentenced as a second offender because he had previously been convicted of drunk driving in Pennsylvania, though he had no prior convictions in New Jersey. On appeal to the County Court, the second offender conviction was reversed and defendant was sentenced as a first offender.
The court there held that in the absence of an express statement in the statute to the contrary, "a conviction under the laws of another State can have no effect by way of penalty beyond the limits of the State in which the judgment is rendered." Here, both convictions of defendant Culbertson are for violations of the statutes of this State.
Defendant also argues that the case of State v. Sturn, 119 N.J. Super. 80 (App. Div. 1972), certif. den. 61 N.J. 157 (1972), is authority for his contention that he is but a first offender under the present statute.
In Sturn defendant was convicted of operating a motor vehicle while his ability was impaired due to the consumption of alcohol, in violation of N.J.S.A. 39:4-50(b). He was sentenced under the 1966 amendment as a second offender because of a 1963 conviction for operating while under the influence. At the time of the 1963 conviction N.J.S.A. 39:4-50 did not distinguish between "operating while under the influence" and operating while the ability to do so was "impaired." The Appellate Division affirmed the sentencing of defendant as a second offender and said:
Both offenses involve the same kind of conduct and are directed against essentially the same evil. That evil is the operation of a motor vehicle by one affected in such a degree that it may affect the safety of others as well as that of the operator himself. Driving under the influence involves more serious consequences than driving while impaired, but the offenses differ mainly in degree. (Indeed, as *171 our Supreme Court has recognized, the impairment offense prescribed under (b) is a lesser included offense of driving under the influence. State v. Macuk, 57 N.J. 1, 12 (1970).)
* * * Since the earlier offense of driving under the influence includes the lesser offense of driving while impaired and thus contains all the elements of the lesser offense, we conclude that the two offenses must be considered the same for purposes of the invocation of the second or subsequent offense penalty for impairment. The salutary purpose of that section would appear to establish a deterrent and preventative sanction to be employed against those whose continued disregard of the safety or the welfare of other members of the public is manifested by a second conviction of the same nature * * *. [119 N.J. Super. at 82-83]
Defendant argues that in Sturn the second conviction was for a lesser included offense, while here the first conviction is for a lesser offense not now included in either the statute or in his second conviction and that, therefore, the first conviction cannot be used for second offender considerations.
We disagree. The 1977 amendment to the statute provides that the same elements of proof formerly necessary to establish operation while impaired, now establish a violation of the statute and constitute operation while under the influence of alcohol.
Defendant further argues that the 1977 amendment to the statute includes provisions for alcohol education and a rehabilitation program, thus indicating a legislative intent that the statute is remedial in nature and that the newly added provisions should be liberally construed and the penal provisions strictly construed. State v. Meinken, 10 N.J. 348, 352 (1952). While this is a correct statement of the law, it has no application to the second or subsequent offender provision. As was indicated in State v. Sturn, supra, the purpose of the subsequent offender provision is to establish a deterrent and preventative sanction. Further, the wording of the current subsection (b) provides that the rehabilitation program is "in addition to any other requirements provided by law * * *." (Emphasis supplied.) The intent of the current statute is not, as argued by defendant, to reduce the importance of punishment for violators of our drinking-driving *172 laws. Rather, it provides for the treatment and rehabilitation of the offender in addition to the punitive aspects which have always been a part of this law. State v. Phillips, 154 N.J. Super. 112, 118 (Law Div. 1977).
Moreover, prior convictions for operating under the influence or operating while the ability to do so is impaired are both for violations of the same statute. We see no reason for treating a conviction of either one any differently for second or subsequent offender purposes.
Defendant concedes that increased penalties for subsequent offenses do not present any ex post facto problems. We agree. See State v. Nugent, 152 N.J. Super. 557 (Mun. Ct. 1977), and State v. Phillips et al., supra.
We hold that convictions under the statute (N.J.S.A. 39:4-50) as it existed prior to the 1977 amendment, whether they be under section (a) or (b), are prior offenses for second or subsequent offender purposes under the statute as it now exists.
Affirmed.
NOTES
[1] N.J.S.A. 39:4-50, as amended by L. 1977, c. 29, provides that:

* * * Except as hereinafter provided, for a second violation, he shall be subject to a fine of not less than $500.00 nor more than $1,000.00, or imprisonment for a term of no more than 90 days, or both, and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than 1 year nor more than 3 years upon conviction * * *.
A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs 15 or more years after the first conviction the court shall treat the conviction as a first offense, and if a third or subsequent offense occurs 10 or more years after the first conviction, the court shall treat the conviction as a second offense.