169 N.J. Super. 452 (1979)
404 A.2d 1270
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARLEY V. PHILLIPS, MATTHEW SMITH AND CLARENCE WELDEN, JR., DEFENDANTS-APPELLANTS.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DEBORAH PETERSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 16, 1979.
Decided July 25, 1979.
*453 Before Judges SEIDMAN, MORGAN and PRESSLER.
Mr. Charles E. Viel argued the cause for appellants Harley V. Phillips, Matthew Smith and Clarence Welden, Jr.
Mr. Christopher H. Riley, Jr., attorney for appellant Deborah Peterson, relied on brief filed by other appellants.
Mr. William P. Doherty, Jr., Prosecutor of Cumberland County, filed a brief on behalf of respondent in A-894-77 (Mr. Kevin P. McCann, on the brief).
No brief was filed on behalf of respondent in A-1157-77.
PER CURIAM.
Harley V. Phillips, Matthew Smith and Clarence Weldon, Jr.,[1] were all found guilty in municipal court of violating N.J.S.A. 39:4-50, subparagraph (b) in the case of Phillips and subparagraph (a) in the case of Smith and Welden. As permitted by N.J.S.A. 39:4-50.7, each elected to be sentenced under the provisions of the amended statute, L. 1977, c. 29. Phillips was sentenced as *454 a subsequent offender because of a prior conviction for driving while impaired (N.J.S.A. 39:4-50(b)). Smith was sentenced as a third offender, having been previously convicted of (a) and (b). Welden was also sentenced as a third offender because of two prior convictions of (b).
Defendants appealed to the County Court, contending that one convicted under the pre-amendment statute of (b) should not be deemed to be convicted of a prior violation under the present statute and thus sentenced as a subsequent offender. The County Court judge disagreed, holding that a person convicted under the current statute is a subsequent offender if he had theretofore been convicted under either (a) or (b). He imposed sentences accordingly, and this appeal followed.
We affirm substantially for the reasons expressed by Judge Porreca in his written opinion. 154 N.J. Super. 112 (Law Div. 1977). See State v. Culbertson, 156 N.J. Super. 167 (App. Div. 1978). We find no merit in the argument, presented for the first time on appeal, that Culbertson did not consider "the Legislative intent, as embodied in the report of the Motor Vehicle Study Commission," in holding that convictions of (b) are to be considered as prior convictions for sentencing under the amended statute.
Deborah Peterson, whose separate appeal was consolidated with A-894-77, raises the same issue, relying upon the brief filed on behalf of the other appellants. Convicted in municipal court of driving while under the influence of intoxicating liquor (50(a)), she opted to be sentenced under the amended statute and was sentenced as a second offender by reason of a previous conviction of driving while impaired (50(b)). A like sentence was imposed on appeal to County Court. We affirm. State v. Culbertson, supra; see State v. Phillips, supra.
The judgments of conviction are affirmed.
NOTES
[1] A fourth person, David Seay, is not involved in this appeal.