STATE of North Dakota, Plaintiff,

v.

William H. LEBUS, Defendant.

Cr. No. 946.

Supreme Court of North Dakota.

Oct. 17, 1983.

Keith Reisenauer, Asst. Atty., Fargo, for plaintiff.

Lanier, Knox & Olson, Fargo, for defendant; argued by Kenneth A. Olson, Fargo.

ERICKSTAD, Chief Justice.

This case involves the following question of law certified to this Court by the County Court of Cass County, pursuant to Rule 47.1, North Dakota Rules of Appellate Procedure, and Chapter 32–24, North Dakota Century Code:

"Is it unconstitutional to apply the Class A Misdemeanor portion of Section 39–08–01(2) of the North Dakota Century Code in that defendant's prior conviction was before the enactment of the law?"

The county court answered the question in the negative.

On November 19, 1982, a complaint was filed in Cass County Court charging the defendant, William H. Lebus, with driving while under the influence of intoxicating liquor on or about August 21, 1982, in violation of Section 39–08–01, N.D.C.C. Section 39–08–01, as in effect on August 21, 1982, reads in pertinent part:

"1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:

a. He is an habitual user of narcotic drugs or is under the influence of a narcotic drug;

b. He is under the influence of intoxicating liquor;

c. He is under the influence of any controlled substance to a degree which renders him incapable of safely driving; or

d. He is under the influence of a combination of intoxicating liquor and a controlled substance to a degree rendering him incapable of safely driving.

"2. *A person violating any provision of this section is guilty of a class B misdemeanor for the first conviction in a twenty-four-month period, and of a class A misdemeanor for the second conviction in a twenty-four-month period.* The minimum penalty for such violation shall be either three days in jail or a fine of one hundred dollars, or both such fine and imprisonment. In the event the complaint does not include the allegation that, if convicted, such conviction would be the second or subsequent violation within the time limit as provided in this section, the court may take judicial notice of such fact if indicated by the records of the state highway department or make such finding based on other evidence." [Emphasis added.]

Prior to July 1, 1981, the effective date of the above-quoted provisions of Section 39–08–01(2), a second conviction pursuant to Section 39–08–01, within 18 months of a previous DWI conviction was chargeable as a class B misdemeanor.[1]

The parties have stipulated to the following facts:

"On the 28th day of August, 1980, in Municipal Court in Fargo, County of Cass, the defendant was convicted of the offense of Driving While Under the Influence of Alcohol. That on August 21, 1982, the defendant again was arrested for Driving While Under the Influence of Alcohol by the Fargo Police Department. That pursuant to Section 39–08–01(2) of the North Dakota Century Code the complaint was charged out as a Class A Misdemeanor, in that the defendant had a prior conviction for Driving While Under the Influence of Intoxicating Liquor within the past twenty-four months. That Section 39–08–01(2) of the North Dakota Century Code was enacted on July 1, 1981."

Thus, the prior DWI conviction of Lebus, as utilized for the purpose of charging him with a class A misdemeanor in the instant case pursuant to Section 39–08–01(2), occurred prior to the July 1, 1981, revision of the statute. The violation with which he is now charged allegedly occurred on August 21, 1982, after the 1981 revision of Section 39–08–01(2).

On April 8, 1983, Lebus moved, in the County Court of Cass County, to dismiss the complaint on grounds the complaint, in using his prior DWI conviction of August 28, 1980, to charge a class A misdemeanor for the alleged second DWI violation, resulted in a prohibited *ex post facto* application of Section 39–08–01. *See* U.S. Const. art. I, § 10; N.D. Const. art. I, § 18.[2] Lebus also moved for suppression of the results of a chemical test of his blood, administered after his August 21, 1982, arrest for DWI, on grounds that probable cause for such an arrest did not exist.

---

1. The former penalty provision of Section 39–08–01 stated in relevant part as follows:

"A person violating any provision of this section is guilty of a class B misdemeanor. The minimum penalty for such violation shall be either three days in jail or a fine of one hundred dollars, or both such fine and imprisonment. Upon a second conviction for a violation occurring within eighteen months of a previous violation resulting in a prior conviction, such person shall be punished by imprisonment in the county jail for not less than three days nor more than thirty days, and in the discretion of the court, a fine of not less than one hundred fifty dollars nor more than five hundred dollars...." § 39–08–01(2), N.D.C.C. (1980).

2. This Court has defined an *ex post facto* law as:

" '1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was, when committed. 3. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4. Every law that alters the legal rules of evidence and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.' " *State v. Jensen*, 333 N.W.2d 686, 693–94 (N.D.1983).

The county court determined that the class A misdemeanor charge against Lebus was not an *ex post facto* application of Section 39–08–01 and denied the motion for dismissal.[3] A motion by Lebus for a continuance of the proceedings for the purpose of seeking a review of the court's ruling was granted. The county court, pursuant to the agreement of the parties, thereafter submitted the question of law in a certification order dated June 20, 1983, for this Court's final determination.

Our first inquiry in this matter must be a determination of whether or not the question of law is appropriately before us. It is not sufficient that an interesting or significant question has been asked. *Merchant v. Richland County Water Management District, Board of Commissioners,* 270 N.W.2d 801, 804 (N.D.1978). Interesting as the question in the instant case is, we conclude that it is not a proper question for certification to this Court.

The certification of questions of law to the Supreme Court is authorized by Chapter 32–24, N.D.C.C. Section 32–24–01 provides: "Where any cause is at issue, civil or criminal, in any district court or county court in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great

moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

Section 32–24–02 provides that the Supreme Court may refuse to consider a question of law certified to it "if it is frivolous, or is merely interlocutory in its nature, or otherwise not of sufficient importance to determine the issues in the cause at bar."

■ In prior decisions, we have said that, before a certified question will be considered by this Court, the result of the action must depend wholly, or at least principally, upon the construction of the law as it will be determined by the answers to the question or questions certified, regardless of whether answered in the negative or affirmative. *Merchant, supra,* 270 N.W.2d at 804–05; *Bumann v. Maurer,* 188 N.W.2d 740, 743 (N.D.1971); *Vantine Paint & Glass Company of Dickinson v. Kudrna,* 186 N.W.2d 127, 128 (N.D.1971); *Scranton Grain Company v. Lubbock Machine & Supply Company,* 175 N.W.2d 656, 658 (N.D. 1970); *City of Grand Forks v. Grand Forks County,* 139 N.W.2d 242, 248 (N.D.1965);

---

**3.** The State asserted, in response to Lebus' motion, that the application of Section 39–08–01 in the instant case is not an *ex post facto* application of the statute. The State brought to the attention of the county court the case of *Thompson v. Thompson,* 78 N.W.2d 395 (N.D. 1956), wherein the following rationale was utilized by this Court in determining that the revocation of a driver's license, upon the commission of two DWI violations where the first commission occurred prior to the enactment of the revocation statute, was not a penalty invoked by an *ex post facto* application of the revocation statute:

"The general rule is that where augmented punishments are provided for a second offense the fact that the first offense was committed before the enactment of the statute does not render the application of the statute violative of the *ex post facto* prohibition. 'A statute prescribing a heavier punishment for second offenders is not invalid as *ex post facto,* even though the first offense was

previously committed; the punishment is of the second offense only, but is more severe because of the class in which the defendant placed himself by his first offense.' Sutherland, Statutory Construction, Third Edition, Section 2306." *Thompson, supra,* 78 N.W.2d at 400.

It is apparent that the county court relied on the State's argument in denying the motion for dismissal.

Other state jurisdictions have held that the use of a prior DWI conviction to increase punishment for a second DWI offense committed after the effective date of a statute providing for increased penalties does not constitute an *ex post facto* application of the statute. *See, e.g., Sims v. State,* 262 Ark. 288, 556 S.W.2d 141, 142 (1977); *State v. Willis,* 332 N.W.2d 180, 184–85 (Minn.1983); *State v. Phillips,* 154 N.J.Super. 112, 380 A.2d 1197, 1200–01 (1977), aff'd, 169 N.J.Super. 452, 404 A.2d 1270 (1979). We do not, however, decide this issue today.

*Meckle v. Hoffman,* 78 N.W.2d 166, 170 (N.D.1956).

██ Will an answer to the question certified to us dispose, wholly or principally, the issues in this case? The language of Section 39–08–01(2) is clear in that its penalty provisions are invoked when a person violates Section 39–08–01(1). Lebus has been charged with violating the DWI statute; however, the issue of his guilt or innocence is yet to be decided. There has been no trial in this case and no determination as to whether or not Lebus violated Section 39–08–01(1). If we were to answer the question certified to us in the negative, as the county court has done, it would become necessary for the county court to rule on Lebus' motion to suppress the results of the chemical test of his blood and to subsequently resolve the issue of his guilt. Thus, a determination of the *ex post facto* issue, as it relates to penalty provisions invoked upon violation of the DWI statute, is not wholly or principally determinative of the case, nor is it of great moment in this cause.

Our answering the question, in effect, would be giving an advisory opinion not contemplated by the statutes authorizing the certification of questions of law to this Court. *See State v. Farrell,* 214 N.W.2d 503, 507 (N.D.1973); *Bumann, supra; Vantine Paint & Glass Co. of Dickinson, supra; City of Grand Forks, supra; Backman v. Guy,* 126 N.W.2d 910, 917 (N.D.1964); *School Board of Eagle Public School District No. 16 of Richland County v. State Board of Public School Education,* 126 N.W.2d 799, 802 (N.D.1964); *Meckle, supra; Ullman v. Campbell,* 51 N.D. 198, 199 N.W. 482, 483 (1924). Although our answer to the question certified might prove convenient to the county court and the parties involved in this case, we conclude that it

will not necessarily dispose, wholly or principally, of the issues in this case. We therefore decline to answer the question.[4]

The certified question proceedings are dismissed without costs to any party, and the case is remanded to the County Court of Cass County for further proceedings according to law.

VANDE WALLE, PEDERSON and SAND, JJ., and PAULSON[*], Surrogate Justice, concur.

---

4. Should it be thought this opinion is inconsistent with *State v. Larson,* 313 N.W.2d 750 (N.D. 1981), where a majority of this Court decided the certified question of law with two justices dissenting on the basis that question should not have been answered, we think it significant that *Larson* is distinguishable on the basis that in *Larson* the certified question related to the issue of the defendant's guilt rather than punishment. We concluded in *Larson* that the determination of the case depended principally upon the construction of the law applicable to the question certified.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.