**STATE of North Dakota, Plaintiff,**

v.

**Wayne A. KAMONI, Defendant.**

**Cr. No. 1062.**

Supreme Court of North Dakota.

Nov. 28, 1984.

Gail Hagerty, States Atty., Bismarck, for plaintiff; argued by Charles Whitman, Asst. States Atty.

Baer & Asbridge, Bismarck, for defendant; argued by Darold Asbridge, Bismarck.

PEDERSON, Justice.

Wayne Allen Kamoni was charged with driving while under the influence of intoxicating liquor in violation of § 39–08–01, NDCC. He promised to appear before the Burleigh County Court on January 18, 1984 at 9 a.m. The record discloses no further action until September 17, 1984 when Kamoni moved to suppress the results of a breathalyzer test. The State resisted and thereafter, on October 8, 1984, the judge denied the motion.

On October 17, 1984 the Burleigh County state's attorney and Kamoni's counsel, in writing, jointly moved that the court certify the following issue to this court:

"Should the results of a breathalyzer test be suppressed because the Defendant was not advised that he could have a physician, or a qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer, as provided in Section 39–20–02 of the North Dakota Century Code."

The trial judge answered the question, "No," but granted the motion to certify.

Although counsel stipulated that the State would seek to have the test results admitted and that Kamoni was not advised that he could have an independent test, we are specifically advised by counsel that the question of admissibility of the breathalyzer test results will not principally or wholly dispose of this case. See § 32–24–01, NDCC and Rule 47.1 NDRAppP.

We recently discussed the applicable statutes and rules for certification of questions to this court in *State v. Lebus*, 339 N.W.2d 564 (N.D.1983).

Even though there is discretion in the trial court as to the matter of certifying a question, this court may refuse to consider the same if it is merely interlocutory in its nature. See § 32–24–02, NDCC. We are satisfied that the question certified here is merely interlocutory.[1]

Consideration of the question is refused.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.

---

**1.** We have this date filed an opinion reversing an order granting a motion that suppressed test results because the defendant was not advised that the law permitted an additional test. *State v. Rambousek,* 358 N.W.2d 223 (N.D.1984).