STATE of North Dakota, Plaintiff
and Appellee,

v.

Keith L. JOHNSON, Defendant
and Appellant.

Cr. No. 1084.

Supreme Court of North Dakota.

Jan. 7, 1986.

Patricia L. Burke, Asst. States Atty., Bismarck, for plaintiff and appellee.

Chapman & Chapman, Bismarck, for defendant and appellant; argued by Daniel J. Chapman.

MESCHKE, Justice.

Keith L. Johnson appeals from a criminal judgment entered upon a jury verdict finding him guilty of gross sexual imposition. We affirm.

Melissa, the complaining witness, was seven years old at the time the alleged incident occurred. Melissa's mother was Johnson's girlfriend, and the three of them were at Johnson's cabin. Melissa testified that while her mother was asleep, Johnson

pulled down her jeans and panties and licked her "cat," the term she used to describe her vaginal area. She also testified that Johnson "stuck his finger up my cat." According to Melissa, the incident lasted approximately ten minutes. The physician who examined Melissa testified that he found a reddened area near the vagina and that this type of trauma was consistent with Melissa's testimony. Johnson testified at trial and denied the allegations.

Johnson was charged with gross sexual imposition under § 12.1–20–03(1)(d), N.D. C.C., which provides that "[a] person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if ... [t]he victim is less than fifteen years old...." The term "sexual act" is defined in § 12.1–20–02(3), N.D.C.C., as:

"... sexual contact between human beings consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, or the mouth and the vulva; or the use of an object which comes in contact with the victim's anus, vulva, or penis. For the purposes of this subsection, sexual contact between the penis and the vulva, or between the penis and the anus or an object and the anus, vulva, or penis of the victim, occurs upon penetration, however slight. Emission is not required."

"Object" is defined in § 12.1–20–02(2), N.D. C.C., as "anything used in commission of a sexual act other than the person of the actor."

Johnson first asserts that because sexual contact between the finger of the actor and the vulva is not proscribed under the portion of the statute charged, and because the remaining evidence established only sexual contact between the tongue and the vulva, the evidence is insufficient to sustain the verdict because the tongue is not part of the mouth. We disagree.

■ Words used in a statute are to be understood in their ordinary sense. Sec-

tion 1–02–02, N.D.C.C. The "mouth" has been defined as "[t]he system of related organs including the lips, teeth, tongue, and associated parts, with which food is chewed and swallowed and sounds and speech are articulated." The American Heritage Dictionary 818 (2nd College Ed. 1985). We conclude that the tongue is part of the mouth for purposes of § 12.1–20–02(3), N.D.C.C. *Cf. People v. Hickok*, 96 Cal.App.2d 621, 216 P.2d 140, 145 (1950) [lips are part of the mouth for purposes of statute proscribing "act of copulating the mouth of one person with the sexual organ of another"].

Johnson next asserts that the trial court erred in failing to instruct the jury on the meaning of the word "object." The trial court's instruction on the definition of "sexual act" tracks the statutory language of § 12.1–20–02(3), N.D.C.C. Johnson contends that the finger cannot be an "object" under § 12.1–20–02(2), N.D.C.C., and that the trial court's failure to so instruct the jury may have resulted in the jury improperly basing the conviction on evidence of the use of the finger. Defense counsel concedes, however, that he did not object at trial to the instructions that were given, nor did he request an instruction defining the term "object."

Under Rule 30(c), N.D.R.Crim.P., an attorney's failure to object at trial to instructions which he had the opportunity to object to before they were given to the jury operates as a waiver of his right on appeal to complain of instructions that either were or were not given. *State v. Gates*, 325 N.W.2d 166, 167 (N.D.1982). When the issue has not been properly preserved for review, as in this case, our inquiry is limited to determining whether the alleged error constitutes an obvious error which affects substantial rights of the defendant. Rule 52(b), N.D.R.Crim.P.; *State v. Demery*, 331 N.W.2d 7, 11 (N.D.1983).

■ The power to notice obvious error is one we exercise cautiously and only in ex-

ceptional circumstances. *State v. Bart-kowski*, 290 N.W.2d 218, 221 (N.D.1980). It should be exercised only where a serious injustice has been done to the defendant. *State v. Brickzin*, 319 N.W.2d 150, 152 (N.D.1982). In assessing the possibility of error concerning substantial rights under Rule 52(b), we examine the entire record and the probable effect of the actions alleged to be error in light of all the evidence. *State v. Rindy*, 299 N.W.2d 783, 785–786 (N.D.1980).

■ The nature and probable effect of the alleged error in this case differs from that present in *State v. Trieb*, 315 N.W.2d 649 (N.D.1982), which involved a constitutionally defective instruction on intent, and *State v. Allery*, 322 N.W.2d 228, 233 (N.D. 1982), which involved the lack of a cautionary instruction limiting the use of a witness's damaging prior inconsistent statement where the remaining evidence was "largely circumstantial and, in one respect may have approached improper comment" on the defendant's right to remain silent. Although an instruction defining the term "object" would have been appropriate under the circumstances of this case, we believe that the alleged error is not of constitutional magnitude. The record contains ample evidence to establish sexual contact between the mouth and the vulva, which satisfies the statutory definition of "sexual act." We conclude that the trial court's failure to sua sponte instruct the jury on the definition of "object" did not constitute obvious error affecting substantial rights.

Johnson asserts that the statute under which he was charged, § 12.1–20–03(1)(d), N.D.C.C., as clarified by the definitions found in § 12.1–20–02(3), N.D.C.C., is unconstitutionally vague and overbroad.

■ Contrary to Johnson's underlying arguments concerning this issue, we believe that the word "mouth" is commonly understood to include the tongue and that a reasonable person would know that licking the vulva of a child constitutes a sexual act

as defined in § 12.1–20–02(3), N.D.C.C. The doctrine of overbreadth prohibits the law from criminalizing constitutionally protected activity. *State v. Tibor*, 373 N.W.2d 877, 880 (N.D.1985). Johnson's conduct of engaging in a sexual act with a child is not constitutionally protected activity.

With regard to the assertion that § 12.1–20–02(3), N.D.C.C., is unconstitutionally vague, Johnson cannot challenge the statute. Because his conduct was clearly proscribed by the statute, he cannot complain of its possible application to the conduct of others. *See State v. Morris*, 331 N.W.2d 48, 58 (N.D.1983).

Johnson asserts that he was denied a fair trial when the court initially refused to allow a defense witness to testify, and after reversing its ruling, refused to grant Johnson's motion for a continuance so that the witness could return to testify.

Johnson testified that he did not arrive at the cabin until after 7 p.m. and that he and Melissa watched television together while Melissa's mother was asleep. Melissa's mother testified, however, that Melissa awakened her at the cabin between 6:30 and 6:45 p.m., after the alleged offense occurred. Johnson attempted to call his sister and aunt as witnesses to verify that he had been at his sister's home until approximately 7 p.m. that evening. The trial court refused to allow the testimony because of lack of proper notice of alibi under Rule 12.1, N.D.R.Crim.P., and Johnson made an offer of proof. After the court reversed its ruling, Johnson's sister testified to the effect that Johnson did not leave her home until approximately 7 p.m., but Johnson's aunt, who had returned to her home in Wilton, was unable to return to Bismarck to testify. The trial court denied Johnson's request for a continuance on the basis that his aunt's testimony would be "purely cumulative."

■ Generally a trial court's failure to grant a motion for continuance will not be overturned on appeal unless the court

abused its discretion. *Matter of Bo,* 365 N.W.2d 847, 852 (N.D.1985). An abuse of discretion has been defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *State v. Knoefler,* 325 N.W.2d 192, 195 (N.D.1982). We find no abuse of the trial court's discretion under the circumstances.

A defendant in a criminal action is entitled to a fair trial, not a perfect trial. *State v. Carr,* 346 N.W.2d 723, 726 (N.D. 1984). Having carefully reviewed the record in this case, we conclude that Johnson received a fair trial.

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.