STATE of North Dakota, Plaintiff
and Appellee,

v.

Donald Joel MILLER, Defendant
and Appellant.

Crim. No. 1146.

Supreme Court of North Dakota.

June 6, 1986.

Daryl Kosiak, Asst. State's Atty., Lisbon, for plaintiff and appellee.

David A. Overboe, West Fargo, for defendant and appellant.

LEVINE, Justice.

Donald Joel Miller was convicted by a jury of disorderly conduct for making unreasonable noise and using abusive or obscene language in a public place, a residential area of Enderlin, with the intent, or reckless disregard of, harassing, annoying, or alarming another person, *i.e.*, a Ransom County deputy sheriff. Miller appeals, claiming that he was convicted in violation of the first and fourteenth amendments to the United States Constitution. We affirm.

■ Miller attacks his conviction on constitutional grounds not raised before the trial court. Generally, issues not raised in the trial court, even constitutional issues, will not be addressed on appeal. *State v. Slapnicka*, 376 N.W.2d 33 (N.D. 1985). Rule 52(b), North Dakota Rules of Criminal Procedure, provides a careful exception to this general principle:

> "(b) **Obvious Error.** Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Consequently, our inquiry is confined to determining if this alleged error constitutes obvious error, *i.e.*, error affecting Miller's substantive rights. *State v. Johnson*, 379 N.W.2d 291 (N.D.1986). Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice. *State v. Johnson, supra.*

Miller's argument for reversal consists of three contentions. First, Miller asserts the statute he was convicted of violating, North Dakota Century Code § 12.1-31-01,[1]

---

1. NDCC § 12.1-31-01 reads in part:
   "**Disorderly conduct.** A person is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by his behavior, he:

2. Makes unreasonable noise;
3. In a public place, uses abusive or obscene language, or makes an obscene gesture; ..."

is unconstitutionally overbroad and vague on its face, in that it punishes, by criminal sanction, speech protected by the first amendment. Second, due to its over-breadth and vagueness, NDCC § 12.1–31–01, to pass constitutional muster, must be narrowly construed and applied only to "fighting words." *See Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); *see generally* Annot., 39 L.Ed.2d 925 (1975). Third, if NDCC § 12.1–31–01 is thus narrowly construed, there is insufficient evidence that the language Miller used constituted fighting words.

Notwithstanding the logical symmetry of Miller's argument, it is completely inconsistent with his position at trial.

Miller's defense at trial was simple and solitary: he denied using the alleged abusive or obscene language. Now, on appeal, Miller reconsiders, and admits uttering these words.

■ Miller's denial that he used the language was a tactical decision in furtherance of his trial strategy. Miller could have decided, with reason, that to present an alternative defense to the jury would have diluted his credibility. We do not believe that the alleged error Miller now asserts rises to the level of obvious error, when his failure to raise it below constituted a tactical decision. *See United States v. Gironda,* 758 F.2d 1201 (7 Cir.1985); *United States v. Pravato,* 505 F.2d 703 (2 Cir. 1974); *State v. Gullekson,* 383 N.W.2d 338 (Minn.App.1986); *cf. State v. Sheldon,* 301 N.W.2d 604 (N.D.1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981) (on appeal defendant cannot complain of error he helped perpetrate upon the court).

We conclude there was no obvious error in the proceedings below and affirm the judgment of conviction.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and MESCHKE, JJ., concur.