STATE of North Dakota, Plaintiff and Appellee,

v.

Neal Matt HAVERLUK, Defendant and Appellant.

Cr. No. 880061.

Supreme Court of North Dakota.

Dec. 6, 1988.

Thomas J. Gunderson, Dickinson, for defendant and appellant.

Tom M. Henning, Asst. States Atty., Dickinson, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by Neal Matt Haverluk (Haverluk) from a conviction of driving while under the influence of alcohol, a class A misdemeanor, in violation of Section 39–08–01, N.D.C.C. Haverluk was sentenced to serve one year at the North Dakota State Farm and to pay a fine in the amount of $1,000.00 and costs in the amount of $1,400.00. We affirm.

On April 19, 1987, Haverluk was arrested on the charge of driving under the influence of intoxicating liquor, a class B misdemeanor, in violation of Section 39–08–01, N.D.C.C. The State subsequently moved to amend the complaint to charge the offense as a class A misdemeanor on the basis that it was Haverluk's fourth violation of Section 39–08–01 or equivalent ordinances in a seven-year period or since July 1, 1981.[1] An amended criminal complaint was filed on June 25, 1987.

On July 8, 1987, Haverluk filed a motion to dismiss the amended complaint based on retroactive application of Section 39–08–01. A hearing on the motion to dismiss was held on July 30, 1987. The trial court, in a memorandum opinion dated September 28, 1987, denied the motion to dismiss the complaint but advised that, if convicted, Haverluk's sentence will be imposed consistent with a first offense. On October 12, 1987, the State filed a motion for reconsideration or clarification of the trial court's memorandum opinion. After reconsidering its previous decision, the trial court issued on November 25, 1987, a memorandum ordering Haverluk to be tried on a class A misdemeanor charge.

A jury trial was held on February 18, 1988. During trial, the State offered and the trial court received into evidence three previous criminal judgments of conviction for the offense of driving under the influence of alcohol or equivalent violations. Haverluk was convicted of the offense of driving under the influence of alcohol, a class A misdemeanor, in violation of Section 39–08–01 of the North Dakota Century Code. Haverluk filed this appeal on February 25, 1988.

Haverluk raises two issues on appeal. Haverluk contends that the penalty provisions contained in Section 39–08–01 were

1. Section 39–08–01 of the North Dakota Century Code provides as follows:

"39–08–01. Persons under the influence of intoxicating liquor or any other drugs or substances not to operate vehicle—Penalty.

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.

b. That person is under the influence of intoxicating liquor.

\*  \*  \*  \*  \*  \*

"2. A person violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second conviction in a five-year period, and of a class A misdemeanor for a later conviction in a five-year period. Notwithstanding the other provisions of this subsection, a person violating this section or equivalent ordinance is guilty of a class A misdemeanor for the fourth or subsequent conviction in a seven-year period. The minimum penalty for violating this section is as provided in subsection 4. The court shall take judicial notice of the fact that a conviction would be a subsequent conviction if indicated by the records of the commissioner or may make such finding based on other evidence.

\*  \*  \*  \*  \*  \*

"4. A person convicted of violating this section, or an equivalent ordinance, must be sentenced in accordance with this subsection.

a. For a first offense, the sentence must include both a fine of at least two hundred fifty dollars and an order for addiction evaluation by an appropriate licensed addiction treatment program.

b. For a second offense within five years, the sentence must include at least four days' imprisonment of which forty-eight hours must be served consecutively, or ten days' community service; a fine of at least five hundred dollars; and an order for addiction evaluation by an appropriate licensed addiction treatment program.

c. For a third offense within five years, the sentence must include at least sixty days' imprisonment, of which forty-eight hours must be served consecutively; a fine of one thousand dollars, and an order for addiction evaluation by an appropriate licensed addiction treatment program.

d. For a fourth offense within seven years, the sentence must include one hundred eighty days' imprisonment, of which forty-eight hours must be served consecutively and a fine of one thousand dollars.

\*  \*  \*  \*  \*  \*

f. For purposes of this section, conviction of an offense under a law or ordinance of another state which is equivalent to this section must be considered a prior offense if such offense was committed within the time limitations specified in this subsection."

not intended to apply retroactively and therefore the trial court erred in considering his prior convictions between July 1, 1981, and July 1, 1983. Haverluk also contends that there was insufficient evidence of representation of counsel or waiver of counsel in his prior driving under the influence convictions to enhance the penalty of a subsequent conviction and therefore the trial court erred in sentencing him for a class A misdemeanor offense.

■ Haverluk maintains that the driving under the influence convictions between July 1, 1981, and July 1, 1983, cannot be considered to enhance the penalty of this subsequent conviction for driving under the influence. Basically, Haverluk's argument is one of *ex post facto* application [2] of the sentencing provisions of Section 39–08–01, N.D.C.C., by considering for sentencing purposes the convictions before July 1, 1983, the effective date of the 1983 amendments to Section 39–08–01 and since July 1, 1981, the end date under Section 39–08–01.1 [3] for considering prior convictions for enhancement.

In *Reiling v. Bhattacharyya*, 276 N.W. 2d 237, 239 (N.D.1979), this Court explained retroactivity as follows:

"A statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute. A statute is applied prospec-

tively when it is applied to a cause of action that arose subsequent to the effective date of the statute."

In the instant case, the charge of driving under the influence of alcohol in violation of Section 39–08–01 of the North Dakota Century Code arose from the incident on April 19, 1987, which is subsequent to the effective date of the 1983 sentencing amendments of the statute.

In *State v. Lebus*, 339 N.W.2d 564 (N.D. 1983), this Court was asked to address the certified question of whether or not consideration of prior convictions predating the effective date of the 1983 amendments to Section 39–08–01 which enhance the offense was an *ex post facto* application of the statute. Although the Court, in *State v. Lebus, supra*, determined it was not a proper question for certification, the Court, in footnote 3, recognized several other state jurisdictions which have upheld the use of prior driving under the influence convictions to enhance punishment for subsequent driving under the influence convictions.[4] Additionally, in *State v. Lebus, supra* at 566 n. 3, this Court quoted favorably from *Thompson v. Thompson*, 78 N.W.2d 395, 400 (N.D.1956), with regard to the *ex post facto* issue as follows:

" 'The general rule is that where augmented punishments are provided for a second offense the fact that the first offense was committed before the enact-

2. In *State v. Jensen*, 333 N.W.2d 686, 693–694 (N.D.1983), this Court defined an *ex post facto* law as follows:
   " '1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was, when committed. 3. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4. Every law that alters the legal rules of evidence and receives less, or different, testimony, than the law required at the time of the commission of the offense in order to convict the offender.' "

3. Section 39–08–01.1, N.D.C.C., provides as follows:
   "39–08–01.1. Prior offenses. For purposes of this chapter, chapter 39–06.1, and chapter

39–20 a previous conviction does not include any prior violation of section 39–08–01 or equivalent ordinance if the offense occurred prior to July 1, 1981."

4. In *State v. Lebus*, 339 N.W.2d 564, 566 n. 3 (N.D.1983), this Court stated in part as follows:
   "Other state jurisdictions have held that the use of a prior DWI conviction to increase punishment for a second DWI offense committed after the effective date of a statute providing for increased penalties does not constitute an *ex post facto* application of the statute. *See, e.g., Sims v. State*, 262 Ark. 288, 556 S.W.2d 141, 142 (1977); *State v. Willis*, 332 N.W.2d 180, 184–85 (Minn.1983); *State v. Phillips*, 154 N.J.Super. 112, 380 A.2d 1197, 1200–01 (1977), *aff'd* 169 N.J.Super. 452, 404 A.2d 1270 (1979)."

ment of the statute does not render the application of the statute violative of the *ex post facto* prohibition.

" 'A statute prescribing a heavier punishment for second offenders is not invalid as *ex post facto*, even though the first offense was previously committed; the punishment is of the second offense only, but is more severe because of the class in which the defendant placed himself by his first offense.' Sutherland, Statutory Construction, Third Edition, Section 2306."

In *State v. Willis*, 332 N.W.2d 180, 185 (Minn.1983), the Supreme Court of Minnesota held that the use of prior convictions to increase the penalty for an underlying substantive offense committed after the effective date of a statute providing for increased penalties does not constitute *ex post facto* application of the statute.

We do not believe that the consideration of prior convictions occurring before the effective date of the enhancement statute was *ex post facto*. Accordingly, we do not believe that the trial court erred in considering, for sentencing purposes, Haverluk's driving under the influence convictions between July 1, 1981, and July 1, 1983.

Haverluk maintains that prior driving under the influence convictions cannot be used to enhance the penalty of a subsequent conviction when there is insufficient evidence of representation of counsel or waiver of counsel in the earlier convictions. Haverluk asserts that there was insufficient evidence of representation of counsel or waiver of counsel in his prior driving under the influence convictions to allow the enhancement of the penalty for this subsequent driving under the influence conviction.

■ After reviewing the record, we note that the uncounseled conviction argument was not directly raised before the trial court and is raised for the first time on appeal. Generally, issues or matters not presented to the trial court will not be considered for the first time on appeal.

*See e.g., State v. Brown*, 420 N.W.2d 5, 7 (N.D.1988); *State v. Jones*, 418 N.W.2d 782, 783 (N.D.1988); *State v. Manke*, 361 N.W.2d 247, 249 (N.D.1985); *State v. Ronngren*, 361 N.W.2d 224, 231 (N.D. 1985). A limited exception to this general principle is set forth in Rule 52 of the North Dakota Rules of Criminal Procedure.

Rule 52 of the North Dakota Rules of Criminal Procedure provides as follows:

"(a) Harmless error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

"(b) Obvious error. Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Thus, even though the general rule is that an issue will not be noticed unless raised at trial, an error that infringes upon substantial rights of the defendant is noticeable notwithstanding lack of an objection. *See* Rule 52(b), N.D.R.Crim.P.; *see also State v. Kraft*, 413 N.W.2d 303, 307 (N.D.1987); *State v. Miller*, 388 N.W.2d 522, 522 (N.D. 1986).

■ The power to notice obvious error is exercised cautiously and only in exceptional circumstances where a serious injustice has been suffered by the defendant. *State v. Kraft, supra; State v. Janda*, 397 N.W.2d 59, 70 (N.D.1986); Explanatory Note to Rule 52, N.D.R.Crim.P.; *see also State v. Johnson*, 379 N.W.2d 291, 293 (N.D.), *cert. denied*, 475 U.S. 1141, 106 S.Ct. 1792, 90 L.Ed.2d 337 (1986). In assessing the possibility of error concerning substantial rights under Rule 52(b), N.D.R.Crim.P., we must examine the entire record and the probable effect of the actions alleged to be in error in light of all the evidence. *State v. Johnson, supra; State v. Rindy*, 299 N.W.2d 783, 785–786 (N.D. 1980).

We note that the error complained of in the instant case allowed the elevation of the offense from a class B misdemeanor to a class A misdemeanor. Accordingly, we

believe the alleged error is the type which comes within the meaning of Rule 52(b), N.D.R.Crim.P., and may be noticed on appeal even though it was not brought to the attention of the trial court.

In *State v. Orr*, 375 N.W.2d 171 (N.D. 1985), this Court found that prior uncounseled convictions cannot be used to enhance a term of imprisonment for a subsequent offense. Further, in *State v. Orr, supra* at 179, we stated that "the State, in seeking to imprison Orr as a second offender based on his earlier presumptively void uncounseled conviction, had the burden to overcome this presumption...." Accordingly, in *State v. Orr*, this Court held that a silent record was insufficient to overcome the presumption that the prior uncounseled conviction was void for enhancement purposes.

■ After reviewing the record in the instant case, we find that it is not completely silent as to whether or not Haverluk was represented by counsel in his previous driving under the influence convictions. The certified criminal judgment from Stark County Court dated January 26, 1983, provides the name of counsel who represented Haverluk in that case. Also, the certified criminal judgment from the State of Montana dated January 29, 1985, provides the name of counsel who appeared with Haverluk when a plea of guilty was entered in that case. Finally, while the criminal judgment from the municipal court of the City of Dickinson dated April 8, 1982, does not list an attorney or counsel, there is indication in the documents that Haverluk had the benefit of legal counsel.

Haverluk had the knowledge or control of the evidence relating to whether or not he was represented by counsel or waived the right to counsel in the prior driving under the influence convictions. Nevertheless, there was no testimony or other evidence provided by Haverluk regarding representation of counsel in the prior convictions.

While the State has the burden of proof regarding representation of counsel in the prior convictions, we believe that after the State provided evidence of representation Haverluk had the burden of going forward with evidence but failed to do so. *See City of Fargo v. Christiansen*, 430 N.W.2d 327 (N.D.1988).

Accordingly, we believe under the circumstances presented in this case that the trial court did not err in determining that sufficient evidence was offered to prove the class A misdemeanor offense of driving under the influence of alcohol in violation of Section 39–08–01 of the North Dakota Century Code.

For the reasons stated in this opinion, the judgment of the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, Justice, specially concurring.

I agree with the majority that the two prior convictions from the Stark County court and the Montana court are clearly "counseled" convictions and were thus properly relied upon for enhancement purposes. As to the third prior conviction, namely, the city of Dickinson municipal court conviction, I believe there is insufficient evidence of representation of counsel or waiver of counsel, making that conviction unavailable to enhance the punishment for Haverluk's latest conviction.

The majority recognizes that the criminal judgment from the municipal court of Dickinson does not indicate that defendant was represented by counsel. The majority then rationalizes away that defect by relying on an "indication in the documents that Haverluk had the benefit of legal counsel." The documents referred to are a notice of change of hearing dated February 1, 1982, which is addressed to an individual designated as the defendant's attorney, and a letter from the city attorney to the trial judge, dated April 8, 1982, which confirms the city attorney's conversation with the court and with the individual described as defendant's attorney regarding the negotiated plea agreement. The question

presented is whether the notice and letter constitute sufficient evidence that defendant was represented by counsel when he ultimately pleaded guilty on April 8, 1982 in Dickinson municipal court to driving under the influence. In my view, they do not.

Because of the importance of the constitutional right to counsel in a criminal proceeding, the State should be required to establish more than a mere "indication" of representation by an attorney. We should not be left to look to correspondence and documents relating to pre-hearing matters in order to divine whether an attorney actually represented the defendant when he pleaded guilty to a crime. It is a simple matter to include in the criminal judgment that the defendant was represented by counsel, if, indeed, he was.

Because the criminal judgment in the Dickinson municipal court case does not establish that defendant was represented by counsel at the guilty plea proceeding, I believe the record is silent as to that critical fact. A silent record is insufficient to overcome the presumption that an uncounseled conviction is void for enhancement purposes. *See State v. Orr*, 375 N.W.2d 171 (N.D.1985). Nor did the State prove waiver of counsel. I would thus hold that the Dickinson municipal court conviction cannot be used to enhance the penalty for the subsequent conviction for driving under the influence.

However, even without considering the prior Dickinson municipal court conviction, the defendant's present conviction is still a class A misdemeanor under NDCC § 39–08–01(2) because it is his third conviction for driving under the influence within a five-year period.

I therefore concur in the affirmance.