STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT v. ROBERT S. BISCHOFF, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 18, 1989—Decided May 8, 1989.

Before Judges HAVEY and BROCHIN.

*Harvey J. Michelman* attorney for appellant (*Harvey J. Michelman* on the letter brief).

*Lee S. Trumbull*, Morris County Prosecutor, attorney for respondent (*Joseph Connor, Jr.*, Assistant Prosecutor, on the letter brief).

The opinion of the Court was delivered by

HAVEY, J.A.D.

Defendant Robert S. Bischoff was convicted in the Parsippany Municipal Court and again after a trial *de novo* in the Law Division of driving while under the influence of alcohol, contrary to *N.J.S.A.* 39:4–50. Defendant was sentenced as a second offender to a custodial term of 48 consecutive hours to be served at an Intoxicated Driver Resource Center. He was also required to perform 30 days community service, his license was suspended for two years, and he was fined $750 and assessed a $100 surcharge.

Defendant suffered his first conviction for driving while under the influence on September 29, 1977. The present offense occurred on July 1, 1987 resulting in his conviction in the municipal court on October 27, 1987.

On appeal, defendant contends that he is not a second offender under *N.J.S.A.* 39:4–50 because his present conviction occurred more than ten years after his prior conviction.

The pertinent language of *N.J.S.A.* 39:4–50 is as follows:

A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.

Defendant contends that the statutory reference to the ten-year period between "offenses," is intended to mean "convictions" because, as he argued in the Law Division, "an offense does not become an offense until the judgment of conviction has been entered on the books." Thus, defendant argues, since his prior conviction on September 27, 1977 occurred more than ten years prior to his present October 27, 1987 conviction, he is not a second offender.

We agree with both the municipal court and Law Division that the date of the second *offense,* rather than the second *conviction,* is the critical date in establishing second-offender status. In so concluding, we need only look to the plain language of the statute. *See Kimmelman v. Henkels & McCoy, Inc.,* 108 *N.J.* 123, 128 (1987); *Renz v. Penn Central Corp.,* 87 *N.J.* 437, 440 (1981). *N.J.S.A.* 39:4–50 provides in applicable part:

... but if the second *offense* occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes.... [Emphasis added].

Clearly, the statute focuses on the date of the subsequent offense, not the date of the subsequent conviction.

Moreover, the most significant factor in construing *N.J.S.A.* 39:4–50 is the Legislature's intent. *See State v. Tischio,* 107 *N.J.* 504, 510–511 (1987), app. dis. — *U.S.* —, 108 *S.Ct.* 768, 98 *L.Ed.*2d 855 (1988). While it is true that the statute is penal in nature and, therefore, should be strictly construed, "the goal

of the interpretive process is to ascertain the intent of the legislature. 'All rules of construction are subordinate to that obvious proposition.' " *Id.* 107 *N.J.* at 511, quoting *State v. Provenzano,* 34 *N.J.* 318, 322 (1961). The intent of New Jersey's drunk-driving statute is to "curb the senseless havoc and destruction caused by intoxicated drivers." *State v. Tischio, supra,* 107 *N.J.* at 512. The salutary purpose of the second-offender statute is to establish a "deterrent and preventive sanction" to be employed against those who flagrantly disregard the welfare of the public by continuing to operate a motor vehicle while drunk after having suffered a prior conviction. *State v. Sturn,* 119 *N.J.Super.* 80, 82–83 (App.Div.), certif. den. 61 *N.J.* 157 (1972). Thus, the clear focus of the statute is to deter *conduct* which causes "havoc and destruction" by placing drivers on notice that second *offenses* shall not be countenanced.

Defendant's interpretation of the statute would lead to disparate and unfair results. The defendant with a prior conviction who has his subsequent drunk-driving charge tried expeditiously and consequently is convicted within ten years of his prior offense would pay the price by being sentenced as a second offender. The subsequent offender whose trial is delayed because of either defense counsel's pretrial tactics or calendar inefficiency until after ten years from his prior offense would be rewarded with a first-offender sentence. Such a result frustrates the legislative will.

Affirmed.