577 A.2d 1331
STATE OF NEW JERSEY, PLAINTIFF, v. MARC S.
STERN, DEFENDANT.

Superior Court of New Jersey
Law Division Morris County

Decided February 5, 1990.

*Lee S. Trumbull* for plaintiff.

*Stanley J. Kaczorowski* for defendant.

MARIANNE ESPINOSA MURPHY, J.S.C.

This municipal appeal concerns the applicability of the enhanced penalty provisions of *N.J.S.A.* 39:3–40 (driving when license suspended) to offenders who have not been previously convicted of that violation.

■ Within a three-day period, defendant was charged three times with operating a motor vehicle while his driver's license was suspended. The first and third summonses were issued in Harding Township for driving on December 6 and 9, 1988. The second summons was issued in Morris Township for a violation on December 8, 1988. The Harding Township charges were disposed of in a single court appearance prior to the trial date for the Morris Township violation. The Harding Township Municipal Court treated those violations as first and second offenses.[1] Although those convictions preceded the conviction in Morris Township, defendant argues that he should be sentenced as a first offender because he had not been *convicted* of any violations prior to the date of the instant violation. An analysis of the statutory language and the legislative purpose for the enhanced penalty scheme conclusively demonstrates that defendant's argument is erroneous.

N.J.S.A. § 39:3–40 provides enhanced penalties for subsequent offenses through the following language:

> A person violating this section shall be subject to the following penalties:
>
> a. *Upon conviction for a first offense*, a fine of $500.00;
>
> b. *Upon conviction for a second offense*, a fine of $750.00 and imprisonment in the county jail for not more than five days;
>
> c. *Upon conviction for a third offense*, a fine of $1,000.00 and imprisonment in the county jail for 10 days.... [Emphasis supplied]

The statute is notably silent as to any requirement that there be a "prior conviction" before an enhanced penalty would apply. This omission plainly distinguishes this statute from those which impose an enhanced penalty upon a clearly defined class

---

[1]Defendant was represented by different counsel and did not appeal from those convictions.

of offenders who have previously been convicted of a particular type of offense. For example, the enhanced penalty of the Controlled Dangerous Substances Act applies "if, prior to the commission of the offense, the offender has at any time been convicted of an offense ... under this act...." *N.J.S.A.* 24:21–29b. The Graves Act also specifies that the offender "who has been previously convicted of an offense involving the use or possession of a firearm" is subject to a mandatory extended term. *N.J.S.A.* 2C:43–6c. Similarly, the sex offender statute (*N.J.S.A.* 2C:14–6) mandates certain minimum penalties "if the actor has at any time been convicted under Sections 2C:14–2 or 2C:14–3a. or under any similar statute...." [2]

The legislative purpose for an enhanced penalty provision may be more persuasive than a dissection of the statute's words in determining whether such a provision applies to multiple convictions or is limited to chronologically sequential convictions. In *State v. Hawks,* 114 *N.J.* 359, 554 *A.*2d 1330 (1989), the Supreme Court addressed the question whether a defendant whose first conviction was based upon a second offense may be considered "previously convicted." Answering this question in the affirmative, the Court considered the language of the statute unambiguous:

> The plain language of the Graves Act provisions does not limit, either expressly or impliedly, the chronological sequence of convictions subject to its extended term provisions; the requirement is that there be a prior conviction. [at 365, 554 *A.*2d 1330]

However, the Court's analysis probed beyond the words to the purpose of the statute, noting a "fundamental difference in purpose" between the Graves Act and repeat-offender statutes aimed at rehabilitation. *Ibid.* The triggering of the mandatory extended term by a more limited requirement is completely consistent with the punitive goal of the statute. Its "focus is deterrence and only deterrence; rehabilitation plays no part in

---

[2] The language in the sex offender statute "at any time" was interpreted to mean "at any previous time" in *State v. Anderson,* 186 *N.J.Super.* 174, 177, 451 *A.*2d 1326 (App.Div.1982), aff'd o.b. 93 *N.J.* 14, 459 *A.*2d 302 (1983).

this legislation." *State v. Des Marets,* 92 *N.J.* 62, 68, 455 *A.*2d 1074 (1983).

The language and purpose of *N.J.S.A.* 39:3–40 are equally plain. Certainly, it is difficult to fathom any cognizable goals other than deterrence and punishment.[3] The limited legislative history available describes the 1982 amendment which created the enhanced penalties for multiple offenses simply as increasing the general penalties for the offense of driving on the revoked list. Moreover, the statute lacks any "prior conviction" requirement language. The absence of such triggering language, viewed within the context of the legislative purpose, suggests that the statute is to be construed to increase punishment for those who commit multiple offenses. As is the case in Graves Act cases, the effectiveness of enhanced punishment provisions is dependent upon the certainty of their application:

> ... [T]he potency of ... deterrent value lies precisely in the certainty of enhanced punishment. To allow a defendant to escape the statutorily-required higher penalty because he or she has not yet been convicted, either because of strategic maneuvering by counsel or because of the vicissitudes of the court docket would create for defendants a windfall not envisioned by the Legislature. [114 *N.J.* at 366–367, 554 *A.*2d 1330]

■ The facts of this case illustrate how the certainty of enhanced punishment would be dissipated by the statutory construction urged by defendant. Although guilty of three offenses, defendant would be subject only to first offender penalties on all three violations and on any others which occurred until a violation was reduced to a conviction. Thereafter, his exposure would be limited to second offender penalties for any violation occurring after the conviction until such time as a second conviction resulted. The windfall which could be engineered through docket juggling in a variety of municipal

---

[3]Although the class of offenders subject to punishment under *N.J.S.A.* 39:4–50 (driving while intoxicated) is more susceptible to classification as requiring rehabilitation, that statute has consistently been characterized as being deterrence-oriented. *See, e.g., State v. Sturn,* 119 *N.J.Super.* 80, 290 *A.*2d 293 (App.Div.), certif. den. 61 *N.J.* 157, 293 *A.*2d 387 (1972); *State v. Deckert,* 69 *N.J.Super.* 105, 173 *A.*2d 575 (Cty.Ct.1961).

courts might well permit a defendant to escape any enhanced penalties during a minimal period of suspension.

Therefore, it plainly appears that defendant was properly sentenced as a third offender.