598 A.2d 927

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. PAUL PETRELLO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 3, 1991—Decided November 4, 1991.

Before Judges LONG and GRUCCIO.

*Nemergut & Duff,* attorneys for appellant (*Howard Duff,* on the brief).

*Alan A. Rockoff,* Middlesex County Prosecutor, attorney for respondent (*Simon Louis Rosenbach,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

GRUCCIO, J.A.D.

At issue on this appeal is whether or not the mandatory enhanced penalty provisions for a subsequent conviction of driving while intoxicated in violation of *N.J.S.A.* 39:4–50 should be imposed at sentencing where the second violation occurs prior to sentencing for the first conviction.

The facts are not disputed. On April 22, 1989, defendant Paul Petrello was charged with operating a motor vehicle while under the influence of alcohol, *N.J.S.A.* 39:4–50, in the Borough of Metuchen. Thereafter, on May 21, 1989, defendant was again charged with the same offense in the Township of Holmdel.

On September 25, 1989, defendant appeared in the Holmdel Township Municipal Court, pleaded guilty to the drunk-driving charge originating there and was sentenced as a first offender. On March 30, 1990, defendant appeared in the Borough of Metuchen Municipal Court, pleaded guilty to the earlier charge pending there and was sentenced to the enhanced penalties resulting from a second conviction of the drunk-driving statute. On appeal to the Law Division from the sentence imposed in Metuchen, defendant was again sentenced to the enhanced penalties due a second offender.

On appeal, defendant contends:

1. A defendant cannot be subjected to the enhanced penalty provisions as a second offender without having been advised of the penalties as a second offender.

2. A person cannot be sentenced as a second offender under *N.J.S.A.* 39:4–50 unless he had a prior conviction under that statute at the time of his arrest.

Defendant first refers to *N.J.S.A.* 39:4–50(c) which provides, among other things:

Upon conviction of a violation of this section, the court shall notify the person convicted, orally and in writing, of the penalties for a second, third or subsequent violation of this section. A person shall be required to acknowledge receipt of that written notice in writing. Failure to receive a written notice or failure to acknowledge in writing the receipt of a written notice shall not be a defense to a subsequent charge of a violation of this section.

Defendant contends that he cannot be sentenced as a second offender because at the time of the commission of the offense leading to the second conviction, he had not then received the mandated oral advice by the court of the penalties for a second, third or subsequent violation. The basis for this position is the language in the statute providing that the failure of the court to provide defendant with *written notice* is not a defense to a subsequent charge, coupled with silence of the statute as to the effect of a failure to so notify the defendant *orally*. Defendant posits that this legislative silence signifies an intention to bar sentencing as a subsequent offender without, minimally, an oral advisement of the penalties for a second, third or subsequent violation. We disagree. To do so would frustrate the obvious legislative intent to provide enhanced penalties for each subsequent conviction of the statute. We would then reward the defendant who intentionally or negligently fails to appear in court and subsequently violates the statute because he could not then be sentenced as a subsequent offender.

The reliance by defendant on *State v. Lightfoot,* 208 *N.J.Super.* 475, 506 *A.*2d 363 (App.Div.1986), is misplaced since that case was expressly overruled in its application to primarily deterrent statutes by the Supreme Court in *State v. Hawks,* 114 *N.J.* 359, 554 *A.*2d 1330 (1989). In so doing, Justice Clifford, speaking for the majority, distinguished the Graves Act, *N.J.S.A.* 2C:43–6c and *N.J.S.A.* 2C:44–3d, as primarily deterrent in nature from *N.J.S.A.* 2C:14–6, the statute governing repeat sex offenders regarded as primarily rehabilitative in nature. The repeat-sex-offender statute was the subject of *State v. Anderson,* 186 *N.J.Super.* 174, 451 *A.*2d 1326 (App.Div.1982), *aff'd, o.b.,* 93 *N.J.* 14, 459 *A.*2d 302 (1983), cited by defendant as supporting his position, and was the case providing supporting

rationale of *Lightfoot.* In distinguishing the two statutes involved, Justice Clifford said:

> Thus, in relying on *Anderson,* the court in *Lightfoot* confused the rehabilitative function of repeat-offender statutes, see *e.g., State v. Johnson,* 109 *N.J. Super.* 69 [262 *A.*2d 238] (App.Div.1970) (violation of Uniform Narcotic Drug Law), with the goals of purely deterrence-oriented statutes such as the Graves Act, see, *e.g., State v. Sturn,* 119 *N.J. Super.* 80, 82 [290 *A.*2d 293] (App.Div.) (enhanced punishment imposed for second violation of drunk-driving statute even though second offense occurred before first conviction), certif. den., 61 *N.J.* 157 [293 *A.*2d 387] (1972).

*Hawks, supra,* 114 *N.J.* at 366, 554 *A.*2d 1330. Clearly, then, *Hawks* equates the drunk-driving statute with the Graves Act, opining that both are deterrence-oriented statutes. We are satisfied that the same principles should apply to each.

*Hawks* deals with the identical situation of defendant here, who, by the luck of the scheduling draw, was sentenced on the charge arising from the second occurrence before he was sentenced on the earlier violation.

> Note, for example, that in the instant case because Hawks's second conviction was for a lesser offense than his first, he received a shorter extended term than he would have had the convictions followed their "proper" order—the order in which the offenses were committed. When the potential for results that may be grossly unfair are foreseen as the offenses make their way through the court system, defense counsel and the prosecution are at liberty to call that circumstance to the attention of the criminal assignment judge, to the end that where possible, the flow of the cases can be managed to avoid any manifest unfairness that might otherwise be produced as an accident of calendaring. When the time for the second sentencing proceeding arrives, it is too late to address the problem. To the extent that bizarre results cannot be avoided, that is a function of the legislation as we understand it.

*Hawks, supra,* 114 *N.J.* at 367, 554 *A.*2d 1330.

It is abundantly clear here that the enhanced penalties of *N.J.S.A.* 39:4–50 must be imposed at sentencing on entry of a second drunk-driving conviction, regardless of the order in which the violations occurred and whether or not defendant had previously been advised orally or in writing of the penalties for a subsequent violation.

Affirmed.