**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0458-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BRUCE D. LUKENS,

    Defendant-Respondent.

_____

Submitted March 15, 2021 – Decided April 13, 2021

Before Judges Fasciale and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 19-17.

Michael H. Robertson, Somerset County Prosecutor, attorney for appellant (Natacha Despinos Peavey, Assistant Prosecutor, of counsel and on the brief; Lauren Fox, Assistant Prosecutor, on the brief).

Robert Ramsey, attorney for respondent.

PER CURIAM

The State appeals from an August 31, 2020 Law Division order granting reconsideration and vacating defendant's 2012 conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50. In 2018, defendant was charged with his third DWI offense, having previously been convicted in 2012 and 1995. Motivated by his desire to avoid a mandatory six-month jail sentence as a three-time DWI offender, see infra note 2, defendant moved to vacate his 2012 guilty plea nearly six years after it was entered. Defendant argued the factual basis for the plea was inadequate[1] and that he was not properly advised during the plea colloquy that he would face a mandatory jail term for any subsequent DWI offense. The municipal court judge denied defendant's motion to vacate the 2012 guilty plea, as did the first Law Division judge to hear the matter on de novo review. A second Law Division judge, however, vacated the 2012 guilty plea on defendant's motion for reconsideration. While we agree with the reconsideration motion judge that defendant was not properly advised of the consequences of a third DWI conviction as required by N.J.S.A. 2C:39-50(c), we conclude the failure to advise defendant of those consequences does not constitute a manifest injustice and thus affords no basis upon which to vacate

---

[1] Defendant abandoned the argument regarding the factual basis for the 2012 guilty plea in his motion for reconsideration, and that contention is not before us in this appeal. See infra note 6.

A-0458-20

the 2012 DWI conviction. We therefore reverse the order vacating the 2012 guilty plea and remand for the purpose of reinstating that conviction.

We briefly summarize the relevant facts and procedural history. Defendant was convicted of his first DWI offense in 1995. On June 18, 2012, defendant was charged with his second DWI offense. On August 13, 2012, defendant appeared in municipal court and pled guilty. The municipal court judge conducted a colloquy with defendant that established that the guilty plea was knowing and voluntary and that defendant was satisfied with the services that had been provided by counsel. The judge also elicited the factual basis for defendant's guilty plea. During the plea colloquy, rather than recite the consequences of a future DWI offense,[2] the judge instead essentially incorporated by reference the advisement that was given to other defendants who

---

[2] N.J.S.A. 39:4-50 provides in relevant part:

> For a third or subsequent violation, a person shall be subject to a fine of $1,000, and shall be sentenced to imprisonment for a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center and shall thereafter forfeit the right to operate a motor vehicle over the highways of this State for eight years.

had pled guilty to DWI during that court session.[3]  The following exchange occurred:

> Court: All right.  Now, Mr. Lukens, more importantly, to me—maybe not to you—were you present when I read to the other people?
>
> Defendant: Yes, I was.
>
> Court: Is it necessary for me to read it to you today?
>
> Defendant: It is not.
>
> Court: All right.  The most important part of that is the increased penalties for driving while suspended.  You realize you could face up to [eighteen] months in jail?
>
> Defendant: Yes, I know.
>
> Court: Okay.  I will not read that to you.

The judge thereupon accepted defendant's guilty plea.  Because the defendant's second offense occurred more than ten years after his 1995 offense, he was treated as a first offender for sentencing purposes.[4]  Defendant did not appeal the August 13, 2012 guilty plea conviction or sentence.

---

[3]  Those other defendants are not identified, and transcripts of their plea colloquies are not part of the record before us.

[4]  N.J.S.A. 39:4-50(a)(3) provides:

On April 9, 2018, defendant was again arrested and charged with his third DWI offense.[5] On August 6, 2018, defendant filed a motion before the municipal court to vacate his 2012 guilty plea. He argued his 2012 plea was not knowingly made because the court failed to apprise him of the potential consequences of a third DWI conviction. He also argued the plea rested on an insufficient factual basis. On August 20, 2018, a municipal court judge denied the motion.

Defendant appealed to the Superior Court, Law Division. On April 16, 2019, a Law Division judge conducted a de novo review on the record and

> A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs more than [ten] years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than [ten] years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.

[5] Defendant has since pled guilty to the April 9, 2018 DWI offense and was sentenced in accordance with N.J.S.A. 39:4-50 as a third offender. That enhanced sentence was stayed pending the outcome of this appeal.

denied defendant's motion, rendering a twenty-nine-page written statement of reasons.

On May 2, 2019, defendant filed a motion for reconsideration. Because the Law Division judge who rendered the initial decision was on an extended leave of absence, the matter was reassigned to another Law Division judge. The reconsideration motion judge agreed with the municipal court judge and original Law Division judge there was an adequate factual basis for the 2012 guilty plea.[6] However, the reconsideration motion judge determined that defendant had not been properly advised of the penal consequences of his 2012 guilty plea because the municipal court failed to apprise him of the consequences of a future DWI conviction. On that basis, the reconsideration motion judge concluded that defendant suffered a manifest injustice that required the 2012 guilty plea to be vacated.

We begin our analysis by acknowledging the legal principles governing this appeal. Rule 7:6-2(b) provides, "[a] motion to withdraw a plea of guilty

---

[6] Defendant did not file a cross-appeal from the reconsideration motion judge's ruling that the factual basis for the 2012 guilty plea was adequate. Nor does defendant argue in his appellate brief that the municipal court judge and both Law Division judges erred in concluding that the factual basis was adequate. We therefore deem this argument to be waived for purposes of this appeal. See supra note 1; Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice."

N.J.S.A. 39:4-50(c) reads in pertinent part:

> Upon conviction of a violation of this section, the court shall notify the person convicted, orally and in writing, of the penalties for a second, third or subsequent violation of this section. A person shall be required to acknowledge receipt of that written notice in writing. Failure to receive a written notice or failure to acknowledge in writing the receipt of a written notice shall not be a defense to a subsequent charge of a violation of this section.

We have repeatedly held that failure to provide notice of the consequences of a future DWI violation as required by the statute does not preclude imposition of enhanced punishment on a future DWI conviction. In State v. Petrello, for example, the defendant argued "[a] defendant cannot be subjected to the enhanced penalty provisions as a second offender without having been advised of the penalties as a second offender." 251 N.J. Super. 476, 477 (App. Div. 1991). In that case, the defendant's second DWI offense occurred before he pled guilty to his first offense. He claimed he was not sufficiently apprised, whether orally or in writing, of the repeat offender consequences at the time of his second offense. Id. at 477–78. We rejected that argument, noting:

> The basis for [defendant's] position is the language in the statute providing that the failure of the court to

7

provide defendant with written notice is not a defense to a subsequent charge, coupled with silence of the statute as to the effect of a failure to so notify the defendant orally. Defendant posits that this legislative silence signifies an intention to bar sentencing as a subsequent offender without, minimally, an oral advisement of the penalties for a second, third or subsequent violation. We disagree. To do so would frustrate the obvious legislative intent to provide enhanced penalties for each subsequent conviction of the statute. We would then reward the defendant who intentionally or negligently fails to appear in court and subsequently violates the statute because he could not then be sentenced as a subsequent offender.

[Id. at 478.]

In State v. Nicolai, we reiterated: "we have held that the failure to receive written or oral notice of the penalties applicable to a second, third[,] or subsequent conviction does not bar imposition of the progressively enhanced sentences mandated by our statutes." 287 N.J. Super. 528, 532 (App. Div. 1996) (citing Petrello, 251 N.J. Super. at 478–79).

In this instance, we agree with the reconsideration motion judge that the municipal court judge in 2012 failed to comply with the statutory notice requirement. The shortcut the judge took—referring to the notice given to other defendants rather than expressly repeating the notice to defendant on the record—is improper, and we do not condone such practice. Cf. R. 7:14-1(a) (noting that a court's opening statement to assembled litigants "concerning court

8

procedures and rights of defendants . . . shall not, however, be a substitute for the judge advising individual defendants of their rights prior to their respective hearings").

The remaining issue before us is whether this deficiency warrants a remedy in the form of precluding imposition of the enhanced sentence, whether by means of creating some form of "defense," or by entitling a defendant to withdraw his guilty plea under the guise of a manifest injustice. Clearly it does not. Even accepting that defendant was not properly apprised at the 2012 plea colloquy of the mandatory jail term that must be imposed upon a third DWI conviction,[7] he is not entitled to avoid that enhanced sentence.

We emphasize that defendant does not argue on appeal that the failure to comply with the statutory notice requirement constitutes a defense to the imposition of enhanced punishment. Nor does defendant argue that N.J.S.A. 39:4-50(c) authorizes the remedy of vacating a guilty plea if a court does not comply with the statutory requirement to provide notice of future consequences

---

[7] We note, as did the Law Division judge who first heard defendant's municipal court appeal, that defendant is no stranger to the potential penalties of repeat DWI offenses, having also been convicted in 1995. Nothing in the record before us indicates that the court in 1995 failed to advise defendant of the consequences of a second and third or subsequent DWI offense.

orally and in writing. Conspicuously, defendant makes no mention at all of the trial court's <u>statutory</u> obligation to provide notice of enhanced punishment in the event of future convictions. Rather, defendant contends the failure to apprise him of the consequences of a future DWI offense constitutes a violation of due process and <u>Rule</u> 7:6-2(a), which generally requires "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea . . . ."

Defendant cites no authority, however, for the proposition that a defendant is somehow immune from a recidivist penalty enhancement statute if he is not expressly warned about it at the time he is convicted and sentenced for an earlier offense. We resolutely reject that proposition and hearken back to the age-old maxim: "ignorantia juris neminem excusat." <u>See</u> <u>State v. Benny</u>, 20 N.J. 238, 256 (1955). Specifically, in this instance, ignorance of a recidivism statute is no defense to its administration.

In <u>State v. Zeikel</u>, we recognized that "[r]ecidivist statutes have withstood due process attacks as long as they require the government to prove each element that enhances the sentence." 423 N.J. Super. 34, 43 (App. Div. 2011). In that case, the defendant argued he would have preserved evidence that he had a 0.06% BAC level in a prior conviction as a defense to enhanced sentencing for

a subsequent offense. Id. at 41–42. We rejected that argument, concluding that "[i]f a repeat offender has no constitutional right to written or oral notice of enhanced potential sentences in the future, there is also no due process requirement of prior notice of a potential defense for a future offense." Id. at 44.

We likewise reject defendant's argument that the failure to warn him about the consequences of committing a future DWI violation somehow renders a guilty plea defective and subject to being vacated if a defendant recidivates. In practical effect, defendant's contention would have us reward an offender for committing a new offense by vacating a guilty plea conviction that was perfectly valid at the time it was entered. As we have noted, Rule 7:6-2(b)—as well as its Superior Court counterpart, Rule 3:9-2—requires that a defendant understand the consequences of a guilty plea. The fatal flaw in defendant's argument is that it ignores the critical distinction between direct and collateral consequences to a guilty plea. In State v. Bellamy, our Supreme Court explained that "a trial court's duty to ensure that a defendant understands the consequences of a plea generally extends only to those consequences that are direct, or penal, and not to those that are collateral." 178 N.J. 127, 134 (2003) (emphasis added)

(internal quotation marks omitted) (quoting State v. Howard, 110 N.J. 113, 122 (1988)).

In this instance, defendant's eligibility for enhanced punishment as a three-time DWI offender does not "automatically flow" from his 2012 conviction. Id. at 138. It arises instead from his own subsequent misconduct. In other words, the mandatory six-month jail term defendant now faces is a collateral consequence of his 2012 guilty plea because it depends on the commission of new unlawful conduct which, in this instance, occurred six years after the 2012 guilty plea and sentencing. We add that defendant has failed to show that he would not have pled guilty in 2012 had he known of the potential consequences of a subsequent offense. See State v. Howard, 110 N.J. at 123 ("[T]he plea will not be vacated if knowledge of the consequences would not have made any difference in the defendant's decision to plead.") (citing State v. Taylor, 80 N.J. 353, 363 (1979)). Indeed, any such argument would be implausible.

As we have noted, the Legislature clearly intended to provide enhanced penalties for each subsequent DWI conviction. That intent would be frustrated were we to permit a defendant to escape enhanced punishment because he was not expressly told about the recidivism feature codified in N.J.S.A. 2C:39-50.

12

See <u>Petrello</u>, 251 N.J. Super. at 479. The same is true if we rely on general principles of due process and <u>Rule</u> 7:6-2(b) as defendant urges us to do. In this case, the remedy granted by the reconsideration motion judge constitutes an inappropriate windfall to a repeat offender—one that comes at the expense of the safety of the motoring public.

We thus conclude defendant has failed to establish that he has suffered a manifest injustice to justify vacating an otherwise valid DWI guilty plea. Indeed, in these circumstances, it would be a manifest injustice to allow defendant to evade enhanced punishment for his third DWI conviction. We therefore reverse the Law Division order granting defendant's motion for reconsideration and vacating his 2012 DWI conviction. We remand with instructions to expeditiously vacate the stay of the enhanced sentence that was imposed on defendant's third DWI conviction.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0458-20