**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3997-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LINDSEY M. KRAKOWIAK,

    Defendant-Appellant.

_____

Argued May 5, 2025 – Decided May 16, 2025

Before Judges Sabatino, Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 09-05-24.

Keith G. Napolitano Jr. argued the cause for appellant (Levow DWI Law, PC, attorneys; Evan M. Levow, of counsel and on the brief; Keith G. Napolitano Jr., on the brief).

Jonathan E. McMeen, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Sahil K. Kabse, Acting Sussex County Prosecutor, attorney; Jonathan E. McMeen, of counsel and on the brief).

PER CURIAM

Defendant Lindsey M. Krakowiak, who pled guilty in 2014 to driving while intoxicated ("DWI"), appeals the Law Division's 2024 denial of her petition for post-conviction relief ("PCR"). She claims she was not properly advised in the 2014 proceeding of the enhanced penalties for a future DWI conviction. We affirm.

In December 2013, defendant was charged with a DWI, N.J.S.A. 39:4-50. Defendant was represented by counsel and entered into a plea agreement with the State. After pleading guilty, she was sentenced to a two-year license revocation, forty-eight hours in the Intoxicated Driver Resource Center, thirty days of community service, and assessments and miscellaneous fees. She was also required to install an ignition interlock device for one year. No appeal was filed, and no PCR proceedings were brought until the present matter.

More than a decade after her conviction, in February 2024, defendant brought a PCR petition asserting that she was not advised by counsel nor orally by the court of the enhanced penalties for any subsequent DWI violations at the time of her conviction, as required under N.J.S.A. 39:4-50(c). She therefore sought not to be exposed to any enhanced penalties for a subsequent DWI.

A-3997-23

In April 2024, the PCR application was heard in the municipal court. The municipal court noted that the judge who initially heard the matter in 2014 did not orally advise defendant of the enhanced penalties upon her conviction, but also noted that defendant had signed a written document in which she acknowledged receiving this necessary information.

In May 2024, the municipal court denied the PCR petition, explaining that defendant, in addition to receiving written notice, "was represented by competent counsel and arraigned . . . at which point she was advised of her constitutional rights and the penalties associated with a DWI."

Subsequently in May 2024, defendant appealed the municipal court's PCR ruling to the Law Division.

In August 2024, the Law Division judge denied the municipal appeal. The court found that the PCR application was procedurally barred under the five-year limit of Rule 7:10-2(b)(2) and explained "[t]here's nothing under [State v. ]Laurick[, 120 N.J. 1 (1990)][1] or [State v. ]Petrello[, 251 N.J. Super. 476,

---

[1] Laurick, 120 N.J. at 13, held that "an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty. In the context of repeat DWI offenses, this means that the enhanced administrative penalties and fines may constitutionally be imposed but that in the case of repeat DWI convictions based on uncounseled prior convictions, the

479 (App. Div. 1991)][2] that would have entitled [defendant] to an extension." The court also noted that there is "nothing in our Constitution that entitles a defendant to any constitutional right involving a written or oral notice of enhanced potential sentences in the future, and therefore, there is no due process requirement for prior notice for a future offense." The court observed that "Petrello is binding on the [c]ourt [and] that enhanced penalties are appropriate going forward, whether or not the defendant had previously been advised orally or in writing of the penalties for a subsequent violation."

This appeal followed. On appeal, defendant raises the following point for our consideration:

POINT ONE

THE HOLDING IN STATE V. PETRELLO MUST BE OVERTURNED AS IT CLEARLY CONFLICTS WITH THE STATUTORY LANGUAGE OF N.J.S.A. 39:4-50(c).

Having considered this argument in light of the record and the applicable law, we affirm the PCR denial for two main reasons. First, defendant's claim is time-barred. Second, even if we were to find cause to relax the time bar,

---

actual period of incarceration imposed may not exceed that for any counseled DWI convictions."

[2] We will discuss Petrello in detail below.

A-3997-23

<u>Petrello</u>, 251 N.J. Super. at 479, is binding precedent that substantively precludes defendant's claim.

A single statutory provision frames our discussion. N.J.S.A. 39:4-50(c) provides, in part, that:

> The court shall inform the person convicted that if the person is convicted of personally operating a motor vehicle during the period of license suspension imposed pursuant to subsection (a) of this section, the person shall, upon conviction, be subject to the penalties established in R.S.39:3-40. <u>The person convicted shall be informed orally and in writing</u>. A person shall be required to acknowledge receipt of that written notice in writing. Failure to receive a written notice or failure to acknowledge in writing the receipt of a written notice shall not be a defense to a subsequent charge of a violation of R.S.39:3-40 . . . Upon conviction of a violation of this section, <u>the court shall notify the person convicted, orally and in writing, of the penalties for a second, third or subsequent violation of this section</u>. A person shall be required to acknowledge receipt of that written notice in writing. Failure to receive a written notice or failure to acknowledge in writing the receipt of a written notice shall not be a defense to a subsequent charge of a violation of this section.

> [(Emphasis added).]

In <u>Petrello</u>, 251 N.J. Super. at 476, we ruled that it was "abundantly clear" that "<u>the enhanced penalties of N.J.S.A. 39:4-50 must be imposed</u> at sentencing on entry of a second drunk-driving conviction, <u>regardless of</u> . . . <u>whether or not</u>

5

[the] defendant had previously been advised orally or in writing of the penalties for a subsequent violation." Id. at 479 (emphasis added).

We found the statute supported this reading, as follows:

> The basis for this position is the language in the statute providing that the failure of the court to provide defendant with written notice is not a defense to a subsequent charge, coupled with silence of the statute as to the effect of a failure to so notify the defendant orally. . . . [There is] obvious legislative intent to provide enhanced penalties for each subsequent conviction of the statute. [Reading a strict oral notice requirement in the statute would illogically] reward the defendant who intentionally or negligently fails to appear in court and subsequently violates the statute because he could not then be sentenced as a subsequent offender.
>
> [Id. at 478.]

Several published cases have cited Petrello's holding that a municipal court's failure to give oral notice does not bar imposition of enhanced DWI penalties. See, e.g., State v. Scudieri, 469 N.J. Super. 507, 527 (App. Div. 2021); State v. Zeikel, 423 N.J. Super. 34, 43-44 (App. Div. 2011); State v. Nicolai, 287 N.J. Super. 528, 532 (App. Div. 1996). Our jurisprudence following Petrello establishes that strict compliance with the oral and written requirements for enhanced penalty notification might be relaxed provided that the information is imparted to the defendant.

6

As a threshold matter, we agree with the municipal court and Law Division that defendant's PCR petition is time-barred under Rule 7:10-2(b)(2). Rule 7:10-2(b)(2) instructs that a PCR petition "shall not be accepted for filing more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect." Parallel to this municipal rule is Rule 3:22-12(a)(1)(A), which includes nearly identical language but in addition to excusable neglect requires that there be "a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."

These statutory time limitations can be relaxed for a defendant filing a petition challenging a custodial enhancement from a prior uncounseled DWI conviction. State v. Patel, 239 N.J. 424, 447 (2019); see also State v. Bringhurst, 401 N.J. Super. 421 (App. Div. 2008). Relaxation is generally not justified, however, where a defendant was represented by counsel. Instead, "a defendant who seeks traditional post-conviction relief to vacate a DWI conviction—as opposed to Laurick-relief [meaning relief due a prior uncounseled conviction]— must abide by the general principles governing post-conviction relief and the

A-3997-23

five-year time bar in the absence of <u>excusable neglect</u>. <u>R.</u> 7:10-2(b)(2)." <u>Patel</u>, 239 N.J. at 448 (emphasis added).

Applying these principles, defendant has failed to meet her burden of establishing excusable neglect. <u>See</u> <u>Bringhurst</u>, 401 N.J. Super. at 437. In reaching this conclusion, we have considered "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits." <u>State v. Weil</u>, 421 N.J. Super. 121, 129 (App. Div. 2011) (citations reformatted) (internal quotation marks omitted). We have also "balance[d] the competing interests of the State in achieving '<u>finality to pleas</u> and the <u>potential prejudice to the State</u> and detriment to the public interest occasioned'" by the eleven-year delay with "defendant's entitlement 'to fairness and protection of basic rights.'" <u>Id.</u> at 133 (citations omitted) (emphasis added).

Here, defendant was given adequate notice in 2014 of the future enhanced penalties, as implied by the fact that she was counseled and evidenced by (1) her receipt of written notice upon conviction and, (2) as the Law Division judge noted, receipt of oral notice at her first appearance before the later plea hearing. That there was a singular omission in the court's oral provision of notice at sentencing does not give rise to excusable neglect because she has not met her

burden of showing she was not noticed of the enhanced penalties and has offered no other reason to justify relaxing the time bar. She was counseled and so is not entitled to Laurick-type relief, and she was given written notice and so was sufficiently informed in accordance with Petrello. Nothing here suggests defendant will suffer an injustice if she is denied her requested relief.

Second, in addition to being time-barred, defendant's claim also fails on the merits. Defendant's certified allegation that she was not orally informed upon her conviction nor by her counsel of the enhanced penalties does not entitle her to her requested relief. Her 2014 DWI conviction that was accompanied by written notice justifies the application of enhanced penalties for a subsequent DWI conviction. Petrello, 251 N.J. Super. at 476.

Defendant's argument is further weakened because her previous DWI conviction was counseled—and even some uncounseled claims have not warranted relief. See Bringhurst, 401 N.J. Super. at 437 (holding that an uncounseled prior DWI conviction alone did not justify relaxing the time bar for bringing a PCR petition as the defendant failed to establish a prima facie case of injustice requiring relief).

In sum, defendant has not demonstrated a justification to relax the time bar and afford her relief in this matter, in which the PCR petition was not filed

until over a decade after the underlying conviction.  Moreover, her substantive claims are of no avail under <u>Petrello</u>, which remains the controlling case law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division